# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JERI LYNN RICH, AS REPRESENTATIVE, FOR GAVRILA COVACI DUPUIS-MAYS, AN INCAPACITATED PERSON,<br>    Plaintiff,<br><br>V.<br><br>MICHAEL PALKO, KEITH HUDGENS, and THE CITY OF MCKINNEY,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 4:16CV870<br>Judge Mazzant/Judge Johnson |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On January 8, 2018, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations (the "Report") (*see* Dkt. #70) that Defendants Michael Palko ("Palko" or "Defendant Palko") and Keith Hudgens's ("Hudgens" or "Defendant Hudgens") (collectively, "Defendant Officers") Motion for Summary Judgment on Qualified Immunity (Dkt. #60) be **DENIED**.

### I. PROCEDURAL BACKGROUND

On January 12, 2018, Defendant Officers filed objections to the Report (*see* Dkt. #71). On January 17, 2018, Defendant Officers filed a Motion for Hearing on Defendant Officers' objections (*see* Dkt. #73). Upon order of the Court, Plaintiff filed a response to Defendant Officers' objections (*see* Dkt. #75). Defendant Officers filed a supplemental reply to Plaintiff's response (*see* Dkt. #76). The Court has made a *de novo* review of the objections, Plaintiff's response, and Defendant Officers' supplemental reply, and is of the opinion that the findings and conclusions of the

1

Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge.[1] The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## II. DISCUSSION

### A. GENERAL OBJECTIONS TO THE REPORT

#### 1. Unlawful Detention

Defendant Officers first object to the Magistrate Judge's finding that there is a genuine issue of material fact as to whether Defendant Officers understood Gavrila Covaci Dupuis-Mays ("Dupuis-Mays") was a danger to himself or others as required for detention under Texas law. *See* Dkt. #71 at 2-3. In support of this objection, Defendant Officers contend the Report "disregards other evidence" demonstrating there is no genuine issue of material fact. As Plaintiff notes, however, Defendant Officers have never provided sworn testimony in support of this argument or their Motion at all. Additionally, Defendant Officers cannot dispute that the record includes conflicting internal reports from Sergeant Randy Agan regarding whether the seizure of Dupuis-Mays was lawful. Moreover, the Magistrate Judge correctly noted that the audio and video evidence, internal investigation documentation, and conflicting internal reports all provide evidence that there is a genuine issue of material fact on this issue. *See* Dkt. #70 at 13-14. For these reasons, the Court finds no error in the Magistrate Judge's finding that there is a genuine issue of material fact as to whether the seizure of Dupuis-Mays's was unlawful, and thus, Defendant Officers' objection is overruled.

Defendant Officers next object that "the right [to be free from detention under the circumstances] was not clearly established," arguing that based on Dupuis-Mays's psychiatric

---

[1] The Court also considered Defendant Officers' Motion for Hearing on their objections (Dkt. #73).

2

history, Defendant Officers reasonably concluded he was a danger to himself and/or others. *See* Dkt. #71 at 3-4. First, the Court notes that Defendant Officers have not made this argument prior to their objections to the Report. The Fifth Circuit has held that issues raised for the first time in objections to the report of a magistrate judge are not properly before the Court. *See Finley v. Johnson*, 243 F.3d 215, 218 n. 3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)). Even considering Defendant Officers' argument, the Court finds two fatal flaws: first, Defendant Officers, pursuant to the record before the Court, did not have Dupuis-Mays's "psychiatric history" at any time during the incident. The record contains Dupuis-Mays's Medical Records from Medical City Dallas Hospital (Dkt. #65-1 at 8-10); however, such records were obtained during the subsequent investigation *after* the incident. Second, Defendant Officers have admitted that Dupuis-Mays was not violent when they arrived at the scene and throughout the extended period of time prior to being detained. *See* Dkt. #71 at 3-4. Furthermore, Defendant Officers cite no case law for the proposition that, based on a person's behavioral and psychiatric *history*, police officers may lawfully detain a non-violent person.

As the Magistrate Judge noted, case law discussing emergency detention clearly establishes there must be a substantial risk of serious harm for a person to be lawfully detained under the provisions of the Texas Health and Safety Code. *See* Dkt. #70 at 14. Defendant Officers' contentions as to their decision to detain Dupuis-Mays based on his personal history is a question of fact best left for a jury. Thus, the Court finds no error in the Magistrate Judge's conclusion, and this objection is likewise overruled.

   2. **Excessive Force**

Defendant Officers next object to the Magistrate Judge's finding that Defendant Officers' use of force against Dupuis-Mays was objectively unreasonable and met the standard of excessive

force. *See* Dkt. #71 at 4-5. In support, Defendant Officers offer a new and different interpretation of the video evidence before the Court, now arguing that "Dupuis-Mays's own movement and momentum result[ed] in his accidentally striking the filing cabinet." *See id.* at 5. The Court again notes that Defendant Officers have not made this argument prior to their objections, and thus, the issue is not properly before the Court. *See Finley*, 243 F.3d at 218 n. 3 (citing *Armstrong*, 951 F.2d at 630). Even considering Defendant Officers' argument, however, the Magistrate Judge found a jury could find Defendant Officers' videotaped use of force was unreasonable, especially when viewed in conjunction with Sergeant Agan's report. *See* Dkt. # 70 at 17-18. Although Defendant Officers now offer a different description of the events seen on the video, this does not change the objective video evidence: a seated, handcuffed, and disabled person was forcibly brought to the ground by two police officers and suffered a serious laceration to the head. Accordingly, the Court finds no error in the Magistrate Judge's conclusion, and this objection is likewise overruled.

Defendant Officers also object to the Magistrate Judge's finding that the right to be free from excessive force was clearly established. *See* Dkt. #71 at 5-6. Defendant Officers first rely on three cases in making this objection: one from Pennsylvania, one from Missouri, and one from Arkansas. *See id.* at 5. The Court does not find any of these cases persuasive in this matter.

Defendant Officers next argue that the Magistrate Judge's reliance on Fifth Circuit case law was misplaced because the force described therein was different than the force used in the instant matter. *See id.* at 5-6. Defendant Officers appear to have misinterpreted the basis for the Magistrate Judge's reliance on *Brady v. Louisiana*, 1993 WL 277008 (5th Cir. 1993). As noted in the Report, *Brady*, along with several other cases in this Circuit, provide clearly established law that lesser levels of force are excessive *against restrained, non-threatening persons*. Indeed, the Magistrate Judge found that the "clearly excessive" force threshold is less in situations where, as

4

in this case, the person is restrained and not physically threatening. *See* Dkt. #70 at 18. Thus, the Court finds no error in the Magistrate Judge's conclusion, and this objection is likewise overruled.

   3. **False Reporting**

Defendant Officers next object to the Magistrate Judge's finding that their reporting falsities were consequential to Dupuis-Mays's unlawful detention and excessive force claims. *See* Dkt. # 71 at 6-7. Defendant Officers rely on the timing of the submitted reports to argue they could not have possibly contributed to any deprivation of Dupuis-Mays's constitutional rights. *See id.* Namely, Defendant Officers state they submitted their reports "long after Dupuis-Mays was tak[en] into custody. . . ." *See id.* at 7. As the Magistrate Judge stated, however, these reporting falsities obstructed the investigation regarding the incident and continue to serve as a potential basis for the justification of the alleged unlawful detention and use of excessive force. *See* Dkt. #71 at 20-21. For this reason, they are proper matters for a jury to review. Thus, the Court finds no error in the Magistrate Judge's conclusion, and this objection is likewise overruled.

   B. **OBJECTIONS TO DISCOVERY ORDERS**

Defendant Officers object that the Court improperly limited qualified immunity discovery in previous orders (Dkts. #53, #59). Defendant Officers argue that information from the discovery requests they proposed would have supported the reasonableness of both the detention and the use of force. *See* Dkt. #71 at 8. Additionally, Defendant Officers rely on case law stating that "limited discovery may be undertaken by both parties, tailored to the issue of qualified immunity." *Geter v. Fortenberry*, 882 F.2d 167, 170 (5th Cir. 1989).

First, the Court finds that Defendant Officers' argument regarding the value of the information from the proposed discovery is entirely speculative. The voluminous record before the Court provided adequate basis for the Magistrate Judge's findings. Moreover, Defendant Officers

5

incorrectly argue the Court's orders regarding discovery were improperly narrow. As noted in *Geter*, a Court has discretion regarding the scope of discovery when addressing the issue of qualified immunity. *See Geter*, 882 F.2d at 170. Although Defendant Officers may not agree with the Magistrate Judge's denial of certain discovery requests (like the request for Plaintiff's deposition), such decisions were made within the Court's sound discretion. Thus, the Court finds no error in the Magistrate Judge's discovery orders (Dkts. #53, #59), and Defendant Officers' objection is overruled.

### C. REQUEST FOR ORAL HEARING

Defendant Officers also submitted a Motion for Oral Hearing on their objections (the "Motion for Oral Hearing") (Dkt. #73). Upon consideration, the Court **DENIES** Defendant Officers' Motion for Oral Hearing (Dkt. #73).

### III. CONCLUSION

Based on the foregoing, Defendant Officers' Motion for Summary Judgment on Qualified Immunity (Dkt. #60) is **DENIED**.

Further, Defendant Officers' Motion for Oral Hearing (Dkt. #73) is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 13th day of March, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE