# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **JERI LYNN RICH**, *as representative for* **GAVRILA COVACI DUPUIS-MAYS,** *an incapacitated person*, § § § § § **Plaintiff,** § § **v.** § § **MICHAEL PALKO, et al.,** § § **Defendant.** § | **CASE NO. 4:16-CV-870-ALM-KPJ** |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report of the United States Magistrate Judge in this action, this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On September 4, 2019, the Report and Recommendation of the Magistrate Judge was entered (the "Report") (s*ee* Dkt. #104) recommending that Opposed Rule 56(d) Motion or Alternative Motion to Extend the Deadline to File Plaintiff's Response to Defendant's Motion for Summary Judgment (the "Motion") (Dkt. #99) filed by Plaintiff Jeri Lynn Rich ("Plaintiff") be Granted and Defendant City of McKinney's ("Defendant") Motion for Summary Judgment (Dkt. #94) be Denied as Moot. *See* Dkt. #104 at 3.

Defendant filed objections to the Report (the "Objections"). *See* Dkt. #106. Plaintiff filed a response to Defendant's Objections. See Dkt. #108. The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Discovery in this case was previously stayed pending the determination of the qualified immunity of Defendants Michael Palko and Keith Duane Hudgens (the "Individual Defendants"). *See* Dkts. #43, #68. During the stay, only narrowly tailored discovery dealing with the question of qualified immunity was permitted. *See* Dkt. #34. On June 4, 2019, the claims against the Individual Defendants were dismissed, and only Defendant remained in the suit. *See* Dkt. #89. On July 17, 2019, Defendant filed a Motion for Summary Judgment. Dkt. #94. The parties were ordered to propose a new scheduling order, and the parties' proposed scheduling order was entered for the case on July 25, 2019, which set the deadline for completing discovery on March 16, 2020 and filing dispositive motions on February 13, 2020. *See* Dkts. #92, #96, #97. On August 5, 2019, Plaintiff filed the Motion (Dkt. #99), and Defendant filed a response (Dkt. #101). On August 29, 2019, the Magistrate Judge conducted a hearing, wherein Plaintiff's Motion was discussed. *See* Dkt. #103.

Defendant first objects that the Magistrate Judge should not have recommended denying Defendant's Motion because "the 'Law of the Case' doctrine" makes Plaintiff's claims against Defendant "wholly fail as a matter of law." *See* Dkt. #106 at 6. Defendant argues that the Fifth Circuit's findings of fact as to the Individual Defendants control in this case. *See id.* (referring to *Rich v. Palko*, 920 F.3d 288 (5th Cir. 2019)). Defendant contends Plaintiff "will not be able to present substantially different evidence" from that presented to the Fifth Circuit, and thus, Defendant argues it is entitled to Summary Judgment. Dkt. #106 at 6.

The Fifth Circuit stated in its opinion that it only had jurisdiction "to decide whether the district court erred in concluding as a matter of law that officials are not entitled to [qualified immunity] on a given set of facts." *Rich*, 920 F.3d at 293. The Fifth Circuit further noted that Defendant was not a party to the appeal. *See id*. Plaintiff has alleged that Defendant "employs

a policy, practice, or custom that permits police officers to use excessive force and file false police reports," which differs from the claims brought against the Individual Defendants. *Id.* at 293 n.2. The law of the case doctrine only applies to "those matters that were fully briefed to the appellate court and were necessary predicates to the ability to address the issue or issues specifically discussed." *Office of Thrift Supervision v. Felt*, 255 F.3d 220, 225 (5th Cir. 2001). As the Fifth Circuit laid out in its opinion, it only considered the question of the Individual Defendants' qualified immunity, and not Plaintiff's claims against Defendant. *See Rich*, 920 F.3d at 293.

Upon reviewing the Magistrate Judge's Report, the Court finds the law of the case doctrine does not require granting Defendant's Motion before Plaintiff has the benefit of discovery. Accordingly, this objection is **OVERRULED**.

Defendant also objects to the Magistrate Judge's recommendation that Plaintiff's Motion be granted because "the lack of discovery can be attributed to the Plaintiff's lack of diligence." *See* Dkt. #106 at 7. To support its assertion, Defendant argues that "Plaintiff requests to depose the same individuals it could have under the limited discovery allowed by the Court in 2017." *See id.*

Only narrowly tailored discovery pursuant to *Backe v. Le Blanc*, 691 F.3d 645 (5th Cir. 2012), was permitted during the stay. *See* Dkt. #34. Under *Backe*, discovery was meant to "uncover only those facts needed to rule on the immunity claim." *See id.* at 7 (citing *Backe*, 691 F.3d at 648). Specifically, the Magistrate Judge noted that fact questions remained as to the Individual Defendants' "knowledge, actions, omissions, and policies." *Id.* at 9–10.

Upon review, the Magistrate Judge's Report recommended granting Plaintiff's Motion and denial of Defendant's Motion because both parties would benefit from full discovery. *See*

Dkt. #104. At the hearing before the Magistrate Judge on August 29, 2019, Defendant stated that it intended to conduct further discovery if the Court granted Plaintiff's Motion. *See* Dkt. #103. Further, since the Magistrate Judge's Report has been pending for review, Defendant has filed a Motion to Stay, or in the Alternative, Motion to Compel with the Court, in which it seeks either a stay until Plaintiff's appeal to the Supreme Court is resolved or an order compelling Plaintiff to answer discovery and provide dates for depositions. *See* Dkt. #105 at 9. The Court finds the positions taken by Defendant in its Objections (Dkt. #106) and its Motion to Stay Or in the Alternative, Motion to Compel (Dkt. #105) are inconsistent and show that summary judgment at this stage is premature. Accordingly, this objection is **OVERRULED**.

Based on the foregoing, Plaintiff Jeri Lynn Rich's Opposed Rule 56(d) Motion or Alternative Motion to Extend the Deadline to File Plaintiff's Response to Defendant's Motion for Summary Judgment (Dkt. #99) is hereby **GRANTED**, and Defendant City of McKinney's Motion for Summary Judgment (Dkt. #94) is hereby **DENIED AS MOOT**, as it is premature.

**IT IS SO ORDERED**.

**SIGNED this 11th day of October, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE